UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
BROOKLYN DIVISION

| | |
|---|---|
| ------------------------------------------------------------- X | Case No.: 1-25-43244-JMM |
| In re: | : Chapter: 13 |
| | : |
| TAK CHING CHAN, | : |
| | : Hon. Jil Mazer-Marino |
| *Debtor.* | : |
| ------------------------------------------------------------- | : |
| JOYCE LAN ZHEN ZHAO, | : |
| SAI JUAN ZENG, | : Adv. Pro. No. |
| XIU HUA ZHUO, | : |
| SUI YUNG LAM, | : |
| CHEN FA JIAN, | : **COMPLAINT TO** |
| YUK HOI MA, | : **DETERMINE** |
| YU CHENG, | : **NONDISCHARGEABILITY** |
| LIAN GUANG CHEN, | : **OF DEBT** |
| FUNG YING CHEUNG, | : (11 U.S.C. §§ 523(a)(2), (a)(6), |
| MEI YING CHEN, | : and (a)(19)) |
| LIANG QIANG CHEN, | : |
| GUO LIAN ZENG, | : |
| XUE QING LI, | : |
| | : |
| *Plaintiffs,* | : |
| v. | : |
| | : |
| TAK CHING CHAN, | : |
| | : |
| *Defendant.* | : |
| ------------------------------------------------------------- X | |

Plaintiffs Joyce Lan Zhen Zhao, Sai Juan Zeng, Xiu Hua Zhuo, Sui Yung Lam, Chen Fa

Jian, Yuk Hoi Ma, Yu Cheng, Lian Guang Chen, Fung Ying Cheung, Mei Ying Chen, Liang

Qiang Chen, Guo Lian Zeng, And Xue Qing Li (collectively "Plaintiffs") by way of this

adversary complaint against defendant Tak Ching Chan ("Defendant") hereby states as follows.

I.     **JURISDICTION AND VENUE**

1.     This is an adversary proceeding under Fed. R. Bankr. P. 7001(6) to determine the dischargeability of a debt under 11 U.S.C. § 523.

2.     This Court has jurisdiction under 28 U.S.C. §§ 157(b) and 1334.

3.     Venue is proper in this District under 28 U.S.C. § 1409.

4.     This is a core proceeding under 28 U.S.C. § 157(b)(2)(I).

II.    **PARTIES**

5.     Plaintiffs are judgment creditors pursuant to a December 1, 2014 Judgment of the Supreme Court of the State of New York, Kings County (Index No. 25849/2010), awarding damages for conversion and rescission under the Securities Act of 1933.

6.     Defendant-Debtor Tak Ching Chan ("Debtor") is the Chapter 13 debtor in the above-captioned bankruptcy proceeding.

III.   **FACTUAL BACKGROUND**

7.     Between approximately 2005 until 2010, Debtor and associates orchestrated a Ponzi-style investment scheme in which Plaintiffs were fraudulently induced to invest funds.

8.     Debtor knowingly and intentionally misappropriated investor funds, using them for unauthorized purposes, in reckless disregard of Plaintiffs' property rights.

9.     Plaintiffs commenced a civil action in the Supreme Court of New York, Kings County (Index No. 25849/2010). See **Exhibit A** – Amended Complaint.

10.    After trial before Special Referee Richard N. Allman, the Court issued a final judgment against Debtor for conversion damages totaling $115,800 and rescission damages under the Securities Act of 1933 totaling $766,850, with interest at 9% from November 10, 2014.

11.    The judgment expressly found that Debtor's conduct constituted conversion of investor funds and violations of federal securities laws.

**12.** The scheme was willful, intentional, and malicious, designed to enrich Debtor at the expense of Plaintiffs, causing substantial injury.

**13.** Attached hereto as **Exhibit B** is a true and correct copy of the Kings County Judgment entered December 1, 2014.

IV.  **CAUSES OF ACTION**

**COUNT I –**

**NONDISCHARGEABILITY UNDER 11 U.S.C. § 523(a)(2)(A) (FALSE PRETENSES, FRAUD, ACTUAL FRAUD)**

**14.** Plaintiffs repeat and reallege the above paragraphs.

**15.** Debtor obtained Plaintiffs' funds through false representations, deceit, and fraudulent pretenses.

**16.** Plaintiffs reasonably relied on Debtor's false statements in making investments.

**17.** As a result, Plaintiffs sustained losses evidenced by the state court judgment.

**18.** Accordingly, the debt is nondischargeable under § 523(a)(2)(A).

**COUNT II –**

**NONDISCHARGEABILITY UNDER 11 U.S.C. § 523(a)(6) (WILLFUL AND MALICIOUS INJURY)**

**19.** Plaintiffs repeat and reallege the above paragraphs.

**20.** Debtor's conduct constituted conversion — an intentional, wrongful act done with the intent to cause injury to Plaintiffs' property interests.

**21.** Debtor acted willfully and maliciously, knowing that injury was certain or substantially certain to result.

**22.** Plaintiffs' judgment debt is therefore nondischargeable under § 523(a)(6).

## COUNT III –

## NONDISCHARGEABILITY UNDER 11 U.S.C. § 523(a)(19) (SECURITIES LAW VIOLATIONS)

**23.** Plaintiffs repeat and reallege the above paragraphs.

**24.** The judgment specifically awarded damages for rescission under the Securities Act of 1933, a federal securities law.

**25.** Under § 523(a)(19), debts arising from violations of federal securities laws or for common-law fraud in connection with securities transactions are nondischargeable.

**26.** Plaintiffs' rescission award is therefore automatically nondischargeable under § 523(a)(19).

V.    **<u>PRAYER FOR RELIEF</u>**

**WHEREFORE**, Plaintiffs respectfully request that this Court enter judgment:

    **A.**    Declaring that the debt owed to Plaintiffs under the December 1, 2014 state court judgment, including all principal ($833,950), interest at 9% per annum from November 10, 2014, costs, and fees, is nondischargeable under 11 U.S.C. §§ 523(a)(2), 523(a)(6), and 523(a)(19); and

    **B.**    Awarding Plaintiffs such other and further relief as the Court deems just and proper.

Dated: October 8, 2025
      New York, NY

          Respectfully submitted,

          **LAW OFFICES OF VINCENT S. WONG**


          <u>/s/ Vincent S. Wong</u>
          By: Vincent S. Wong, Esq.
             39 East Broadway, Suite 306
             New York, NY 10002
             T: (212) 349-6099
             F: (212) 349-6599
             *Attorneys for the Plaintiffs*

# EXHIBIT A

SUPREME COURT OF NEW YORK STATE
COUNTY OF KINGS

------------------------------------------

JOYCE LAN ZHEN ZHAO, SAI JUAN ZENG,
XIU HUA ZHUO, SUI YUNG LAM,
SUET SIN KO, BO SHING CHAN,
CHEN FA JIAN, YUK HOI MA,
YU CHENG, LIAN GUANG CHEN,
FUNG YING CHEUNG, MEI YING CHEN,
LIANG QIANG CHEN, Guo LIAN ZENG and
XUE QING LI

              Plaintiffs,

        -against-

NGA CHAN, TAK CHING CHAN
HING CHAN AND YAU YING FUNG
              Defendants.

------------------------------------------

Index No. 25899-10
AMENDED
VERIFIED COMPLAINT

Plaintiffs, by and through their attorney, Hsu Law Associates, PLLC., respectfully alleges upon information and belief:

## PARTIES

1. The plaintiffs are individual residing in the State of New York.

2. Upon information and belief, defendants reside in the county in which this action is brought and that the instant cause of action arose out of said transaction.

## FACTS OF THE CASE

3. Plaintiffs commencing this against defendants for violations of the Securities and Exchange Act of 1933 15

U.S.C. §77e et seq., the Racketeer Influenced and Corrupt Organization Action 18 U.S.C. §1961 et seq., breach of contract, conversion, violations of New York General Obligations Law §349 and fraud.

4. Defendants are individuals who, upon information and belief, acted in concert with each other by misappropriating certain funds for illegal use, said funds being entrusted by the plaintiffs to the defendants for legitimate investment purposes only. It being the intention of plaintiffs to designate any and all defendants who acted in concert co-defendants named herein.

5. Plaintiffs seek to recover invested with the defendants and to recover actual and punitive damages in relation to that recovery.

6. Defendants on their own initiative and without any prompting from the plaintiffs approached the plaintiffs and solicited funds from the plaintiffs and other individuals for, among other things, other than the purpose of investing for legitimate investment purposes only.

7. Defendants engaged in the practice of creating and operating informal and unregistered investment funds. Defendants fraudulently induced the plaintiffs and other individuals estimated over 100 persons or members to entrust money into their care for the purpose investing

money for legitimate investment purposes only.

8. Upon information and belief, instead of investing the plaintiffs' money in legitimate investments, defendants misappropriated the plaintiffs' funds for their own financial gain and not for plaintiffs benefit.

9. Plaintiffs incrementally entrusted funds to defendants which defendants were to invested and manage on plaintiff's behalf.

10. The total amount of fund entrusted by plaintiffs, Sai Juan Zeng to defendants is believed to be, in the aggregate, $179,000.00.

11. The total amount of fund entrusted by plaintiffs, Joyce Lan Zhen Zhao to defendants is believed to be, in the aggregate, $60,200.00.

12. The total amount of fund entrusted by plaintiffs, Xiu Hua Zhuo to defendants is believed to be, in the aggregate, $110,000.00.

13. The total amount of fund entrusted by plaintiffs, Sui Yung Lam to defendants is believed to be, in the aggregate, $42,000.00.

14. The total amount of fund entrusted by plaintiffs, Suet Sin Ko to defendants is believed to be, in the aggregate, $46,000.00.

15. The total amount of fund entrusted by plaintiffs, Bo Shing Chan to defendants is believed to be, in the aggregate, $25,000.00.

16. The total amount of fund entrusted by plaintiff Yuk Hoi Ma
    to defendants is believed to be, in the aggregate,
    $43,000.00.

17. The total amount of fund entrusted by plaintiff Yu Cheng
    to defendants is believed to be, in the aggregate,
    $200,000.00.

18. The total amount of fund entrusted by plaintiff Lian Guang
    Chen to defendants is believed to be, in the aggregate,
    $40,000.00.

19. The total amount of fund entrusted by plaintiff Fung Ying
    Cheung to defendants is believed to be, in the aggregate,
    $160,000.00.

20. The total amount of fund entrusted by plaintiff Mei Ying
    Chen to defendants is believed to be, in the aggregate,
    $150,000.00.

21. The total amount of fund entrusted by plaintiff Fa Jiang
    Chen to defendants is believed to be, in the aggregate,
    $40,000.00.

22. The total amount of fund entrusted by plaintiff Liang
    Qiang Chen to defendants is believed to be, in the
    aggregate, $75,000.00.

23. The total amount of fund entrusted by plaintiff Guo Lian
    Zeng to defendants is believed to be, in the aggregate,
    $100,000.00.

24. The total amount of fund entrusted by plaintiff Xue Qing
    Li to defendants is believed to be, in the aggregate,

$40,000.00.

25. The plaintiff's investments and right to repayment are evidenced by handwritten securities.

26. The aforesaid securities are not registered with the Securities and Exchange Commission.

27. The aforesaid securities are written in Chinese, which is the native language of the plaintiffs and defendants.

28. Plaintiffs invested money with the plaintiffs as early as 2005 until 2010.

29. This action is brought in the Supreme Court of New York, County of Kings because it is the location where the transactions and occurrences that give rise to this claim occurred.

30. Defendant's services were to be compensated by the payment of a fee and/or commission. Instead of taking the agreed upon fee, Defendants embezzled all the funds entrusted to their care for investment for their own personal use and gain and/or, upon information and belief, for the purpose of funneling the money to purchase their own houses for their own profit gain.

## FIRST CLAIM FOR RELIEF
### (VIOLATION OF SECURITIES EXCHANGE ACT OF
### 1933 §77(e)(a), (b) and (c))

31. Plaintiffs repeat and reallege each and every allegation contained in the foregoing paragraphs as if set forth fully herein.

32. Defendants sold and offered to sell securities in violation of Securities Exchange Act of 1933 (the "Act") §77e.

33. Section §77e(a) of the Act prohibits any person from selling, or offering to sell, an unregistered security in interstate commence.

34. Defendants sold and offered to sell plaintiffs securities for the original purpose for legitimate investment purposes only but defendants used the funds for their own investment for their own profit gain, however, the aforesaid securities were unregistered with the Securities and Exchange Commission.

35. §77(e)(b) of the Act prohibits any person from selling, or offering to sell, a security without providing a prospective meeting requirements of section §77j of the Act.

36. §77(e)(c) of the Act states the necessity of filing registration statements, providing that it shall be unlawful for any person, directly or indirectly, to make use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed as to such security.

37. Defendants sold and offer to sell plaintiffs securities for legitimate investment purposes only but defendants

used the funds for their own investment for their own
profit gain, however, defendants failed to file a
registration statement as provided in section §77e(c) of
the Act.

38. Based on the foregoing, it is clear that defendants have
violated the Securities and Exchange Act of 1933 Section
77e and has been damaged in excess of $1,310.200.00 plus
interest.

## SECOND CLAIM FOR RELIEF
## (VIOLATION OF SECURITIES EXCHANGE ACT OF
## 1933 §77(e)(a), (b) and (c))

39. Plaintiffs repeat and reallege each and every allegation
contained in the foregoing paragraphs as if set forth
fully herein.

40. It is alleged that defendants have participated in an
enterprise within the meaning of 18 U.S.C. §1961(4), and
have engaged in the solicitation of monies purportedly for
investments for legitimate investment purposes but
defendants used the funds for their own investment for
their own profit gain.

41. Instead of investing the plaintiffs' money in legitimate
investments, the defendants misappropriated the
plaintiffs' funds for their own financial gain and, upon
information and belief; defendants used the fund to
purchase their own real property.

42. It is also alleged that defendants have participated in an

"enterprise" with the meaning of 18 U.S.C.§1961(4) in that the defendants used the monies solicited from the plaintiffs for the purpose of investing internationally, specifically purchased real property in China, and/or embezzled the solicited moneys for illegal purpose.

43. It is also alleged that defendants perpetuated a fraud not only against the plaintiffs, but also against other individuals who invested with the plaintiffs insofar as defendants represented that they intended to invest the money in investments when in fact they had no intention to do so.

44. Plaintiffs are entitled to get back all money invested and that the defendants be directed to return to plaintiffs the total sum of $1,310.200.00 plus interest.

## THIRD CLAIM FOR RELIEF
## (VIOLATION OF SECURITIES EXCHANGE ACT OF
## 1933 §77(e)(a), (b) and (c))

45. Plaintiffs repeat and reallege each and every allegation contained in the foregoing paragraphs as if set forth fully herein.

46. It is alleged that defendants knowingly executed a scheme or artifice to defraud plaintiffs' monies.

47. Defendants each acting individually and in concert, knowingly and intentionally misrepresented their intentions and purpose for soliciting funds from the plaintiffs.

48. It is submitted therefore that defendants fraudulently induced not only the plaintiffs, but also other individuals, to invest with them when in fact defendants had no intention of making any such investment.

49. Whereas defendants fraudulently solicited and embezzled money from the plaintiffs and funneled the plaintiffs' money into their own investment and gain, the defendants engaged in a "pattern of racketeering activity" within the meaning of 18 U.S.C. 1961 et. seq.

50. Any act or threat involving murder, kidnapping, gambling, arson, robbery, bribery, obscene matter, controlled substances or extortion is also a "pattern of racketeering activities" within the meaning of 18 U.S.C. 1961 et. seq., if it is chargeable under State law and punishable by imprisonment for more than one year.

51. In the furtherance of the fraud perpetuated against the plaintiffs, the defendants have committed inter alia violations of New York Penal Law §190.65 relating to schemes to defraud, §225.10 relating to gambling, §460.00 et seq. pertaining to enterprise corruption.

52. Plaintiffs are entitled to get back all money invested and that the defendants be directed to return to plaintiffs the total sum of $1,310.200.00 plus interest.

<u>FOURTH CLAIM FOR RELIEF</u>
<u>(VIOLATION OF SECURITIES EXCHANGE ACT OF</u>
<u>1933 §77(e)(a), (b) and (c))</u>

53. Plaintiffs repeat and reallege each and every allegation contained in the foregoing paragraphs as if set forth fully herein.

54. Defendants sold and offered to sell securities in violation of Securities Exchange Act of 1933 (the "Act") §77e.

55. Section §77e of the Act prohibits any person from selling, or offering to sell, an unregistered security in interstate commerce.

56. Defendants sold and offer to sell the plaintiffs securities originally for legitimate investment purposes only but defendants used the funds for their own investment for their own profit gain, however, the aforesaid securities were unregistered with the Securities and Exchange Commission.

57. Section §77e(b) of the Act prohibits any person from selling, or offering to sell, a security without providing a prospectus meeting requirements of section 77j of the Act.

58. Section 77e(c) of the Act states the necessity of filing registration statements, providing that it shall be unlawful for any person, directly or indirectly, to make use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless as

registration statement has been filed as to such security.

59. Defendants sold and offer to sell the plaintiffs securities originally for legitimate investment purposes only but defendants used the funds for their own investment for their own profit gain, however, defendants failed to file a registration statement as provided in section 77e(c) of the Act.

60. Based on the foregoing, it is clear that the defendants have violated the Securities and Exchange Act of 1933 Section 77e and have been damaged in excess of $1,310.200.00 plus interest and are entitled to get back all money invested in the total sum of $1,310.200.00 plus interest.

## FIFTH CLAIM FOR RELIEF
### (BREACH OF CONTRACT)

61. Plaintiffs repeat and reallege each and every allegation contained in the foregoing paragraphs as if set forth fully herein.

62. Defendants entered into a contract whereby the plaintiffs were to entrust funds into defendants' care for the purpose of investment pursuant to the terms of their agreement (the "Contract").

63. Defendants breached the Contract in failing to perform pursuant to those terms thereof, namely, defendants failed to invest the funds for legitimate investment purposes.

64. Moreover, defendants failed to repay the plaintiffs the

amounts invested in the investment pools managed by
defendants although defendants were obliged to do so
pursuant to the terms of the Contract.

65. Defendants are liable to plaintiffs for the breach of the
Contract for a sum in excess of $1,310.200.00 plus
interest.

## SIXTH CLAIM FOR RELIEF
### (UNJUST ENRICHMENT)

66. Plaintiffs repeat and reallege each and every allegation
contained in the foregoing paragraphs as if set forth
fully herein.

67. Defendants on their own initiative solicited funds from
the plaintiffs for the stated purpose of investing for
legitimate investment purposes only, when in fact
defendants had no intention of making any such investment.

68. To that end, the plaintiffs transferred all funds to
defendants' personal account.

69. Plaintiffs did not receive any breach from defendants
since defendants did not invest the funds as agreed, but
instead converted the aforesaid funds for their own
pecuniary gain and/or transferred the funds into their own
personal banking.

70. Defendants have retained funds in a manner that was not
bargained for the plaintiffs; defendants have received the
benefit and have retained the benefit, thereby damaging

the plaintiffs.

71. Plaintiffs are entitled to get back all money invested and that the defendants be directed to return to plaintiffs the total sum of $1,310.200.00 plus interest.

### SEVENTH CLAIM FOR RELIEF
### (UNJUST ENRICHMENT)

72. Plaintiffs repeat and reallege each and every allegation contained in the foregoing paragraphs as if set forth fully herein.

73. Plaintiffs are the rightful owner of monies paid to defendants for investments made their under false statements.

74. Plaintiffs' interests in these monies are superior to any interest the defendants have in these monies.

75. Defendants are unlawfully controlling and expending the plaintiffs funds for the defendants own purposes.

76. Defendants have intentionally exercised dominion and control over such funds in a manner inconsistent with and in willful disregard of plaintiffs' interest.

77. As a result of the conversion, the plaintiffs have been damaged in an amount to be determined at trial.

78. In converting these monies, defendants acted wantonly, willfully, and in knowing and reckless disregard of plaintiffs. Accordingly, an award of punitive damages in appropriate and in the public interest.

79. Upon information and belief, other individuals have

invested monies with defendants for investment purpose whose funds defendants likewise converted.

80. Accordingly, the plaintiff seek $1,310.200.00 in punitive damages due to the harm perpetuated by defendants against the community at large and due to the likelihood that defendants will continue to perpetuate such harm against the community at large.

## EIGHTH CLAIM FOR RELIEF
## (NY GENERAL BUSINESS LAW §349)

81. Plaintiffs repeat and reallege each and every allegation contained in the foregoing paragraphs as if set forth fully herein.

82. Defendants act and conduct in furtherance of their scheme constitute deceptive acts and practices in the conduct of a business, trade or commerce or in the furnishing of a service, within the meaning of section 349 of the New York Business Obligation Law and, as such, are unlawful.

83. Upon information and belief, the same acts and conduct used by defendants to defraud plaintiffs have been used repeatedly against other members of the public and are of a recurring nature.

84. The acts and conduct of defendants consist of the fraudulent solicitation of funds for the stated purpose of investment for legitimate investment purposes only, although defendants in fact had no intention to make such an investment.

85. The fraudulent nature of the investment securities the defendants offered to plaintiffs, affect the public interest in general.

86. As a result of defendants' unlawful acts and conduct in violation of section 349 of the New York General Business Law, plaintiffs have been damaged in excess of $1,310.200.00 in actual damages plus interest.

87. Accordingly, the plaintiffs demand the statutory maximum permitted in damages.

88. In light of the outrageous nature of the defendants' conduct, it is respectfully requested that Court may award the plaintiff's reasonable attorney's fees pursuant to GBL 349(h).

## NINTH CLAIM FOR RELIEF
### (FRAUD)

89. Plaintiffs repeat and reallege each and every allegation contained in the foregoing paragraphs as if set forth fully herein.

90. Plaintiffs without knowledge of the falsity of the defendants' statements and of the material omissions described above, and believing such statements to be true and complete, and in reasonable and justifiable reliance upon the statements and representations made by defendants, as previously set forth, invested in reliance upon the truth and completeness of the statements contained in the written materials and other

representations made by defendants. Plaintiffs would not
have invested with defendants except for their reliance
upon the representation made by defendants in offering
such investment securities.

91. At the time the statements and representations were made
by defendants, they were false, and defendants knew them
to be false and they intended to deceive plaintiffs by
making such statements and representations.

92. At the time of the false statements and omissions, set
forth above, defendants intended that plaintiffs, act on
the basis of misrepresentations and material omissions.

93. In sum and substance, defendants represented that they
were managing a pool of money for the purpose of
investment for legitimate investment purposes only.
Defendants further represented that the plaintiffs' funds
would be made available on demand should the plaintiffs
wish to withdraw fund from the investment pool.

94. Upon information and belief, defendants did not invest the
plaintiffs' money for legitimate investment purposes only
but defendants used the funds for their own investment for
their own profit and personal gain.

95. Moreover, defendants have failed to return the plaintiffs'
money, despite numerous demands; although the defendants
represented that the plaintiffs' money would be available
on demand.

96. All the wrongful acts of defendants set forth are

incorporated by reference. Each wrongful act alleges
constitutes a separate injury suffered by the plaintiffs.

97. Had plaintiffs known of the material facts which
defendants wrongfully concealed and misrepresented, and
the falsity of defendants' representations, plaintiffs
would not have made any such investment.

98. Plaintiffs, as a result of their investment and be reason
of defendants wrongful concealments and
misrepresentations, have sustained damages, suffered
mental and emotional distress and have lost in the entire
amount invested with defendants, namely, $1,310,200.00
together with lost interest and general incidental damages
in amount yet to be determined, and to be proven at trial.

99. In addition, the defendants' fraudulent acts were willful,
wanton and aimed at the public generally, since upon
information and belief defendants fraudulently induced
other individuals to entrust their money with defendants
for the purpose of investment. Therefore, plaintiffs are
entitled to punitive damages in the amount of
$1,310,200.00.

WHEREFORE, plaintiffs demand judgment against defendants
for:

a. Defendants be enjoined from disposing of or from
transferring all funds during the pendency of this
action and finally carry the judgment into effect;

b. The defendants be required to account for and restore
to the plaintiffs all fund invested, including other

monies which they have or may have received by reason thereof or caused to be disbursed, by the plaintiffs by reason of the matters herein set forth;

c. Permanent injunctions against defendants;

d. Disgorgement of Defendants' unjust enrichment;

e. The sum of $1,310.200.00 with interest;

f. Together with reasonable attorney's fees;

g. Punitive damages in the amount of $1,500,000.00;

h. The costs and disbursements of this action; and

i. The plaintiffs have such other, further or different relief as shall be just and proper in the premises, together with the costs of this action.

Dated:      September 26, 2011
           New York, New York

                     Yours, etc.

                     Allen Y. Hsu, Esq.
                     Hsu Law Associates, PLLC.
                     Attorneys for Plaintiffs
                     210 Canal Street, Suite 502
                     New York, NY 10013
                     212-966-9228

## VERIFICATION

STATE OF NEW YORK
COUNTY OF KINGS    ss.:

Joyce Lan Zhen Zhao, being duly sworn, deposes and says: I
am the Plaintiff within this action; I have read the foregoing
Amended Verified Complaint and know the contents thereof; and the
same is true to my knowledge, except as to the matters therein
stated to be alleged on information and belief, and as to those
matters I belief it to be true.

Joyce Lan Zhen Zhao

Sworn to before me this
28 day of Sept ,2011

(BEN) WAI WONG
Notary Public, State of New York
No. 01WO6065232
Qualified in Queens County
Commission Expires 2/2/20

# EXHIBIT B

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-----------------------------------------------------------------------X
JOYCE LAN ZHEN ZHAO, SAI JUAN ZENG,                     :
XIU HUA ZHUO, SUI YUNG LAM, SUET SIN KO,
BO SHING CHAN, CHEN FA JIAN, YUK HOI MA,                :
YU CHENG, LIAN GUANG CHEN,
FUNG YING CHEUNG, MEI YING CHEN,                        :       Index No. 25849/10
LIANG QIANG CHEN, GUO LIAN ZENG and
XUE QING LI,                                            :
                                                                Judgment
                        Plaintiffs,                     :

                        -against-                        :

NA CHAN, TAK CHING CHAN, HING CHAN and                  :
YAU YING FUNG,
                        Defendants.                      :
-----------------------------------------------------------------------X

RICHARD N. ALLMAN, REFEREE:

Whereas this action having duly come on for trial before Special Referee Richard N. Allman

pursuant to a referral order that required that this Court hear and determine all matters in controversy

in this case, and the trial having been held before this Court without a jury on a number of dates from

February 18, 2014 to November 10, 2014, and each plaintiff having appeared by Stewart Kong, Esq.,

and each defendant having appeared by Christopher Chen, Esq., and

Whereas all parties having presented their proof and made their arguments in favor of their

respective positions, and

Whereas, during the course of the trial , this Court having determined that plaintiffs Suet Sin

Ko and Bo Shing Chan should not recover any damages and that the defendants Hing Chan and Yau

Ying Fung should not be responsible for any damages, and

Whereas, by the close of the case, this Court, having narrowed the causes of action that would result in a verdict to either a cause of action for conversion or a cause of action for rescission under the Securities Act of 1933, and this Court having dismissed with the consent of the plaintiffs all other causes of action originally asserted in the case, and

Whereas ten of the thirteen remaining plaintiffs having elected to pursue a remedy that was a request for damages either for conversion or for rescission, and

Whereas three of the thirteen remaining plaintiffs having elected to pursue a remedy that was a request for damages for conversion and for rescission, and

Whereas, on the record on November 10, 2014, after due deliberation thereon, this Court having rendered a verdict for each of the remaining plaintiffs and having fully explained its reasons for reaching each verdict, and

Whereas the Court's verdicts having determined that the defendants Nga Chan[1] and Tak Ching Chan[2] are jointly and severally liable for the damages due to all remaining plaintiffs but Fung Ying Cheung, and that the defendant Chan Na is solely responsible for the damages due to Fung Ying Cheung, and

Whereas this Court's verdicts having awarded damages totaling $115,800 for conversion and damages in the amount of $766,850 on the rescission claims, which is more particularly described below, and

---

[1]     This defendant's name was Americanized in the caption and during much of the trial. The traditional Chinese way of saying her name is to call her Chan Nga.

[2]     This defendant's name was Americanized in the caption and during much of the trial. The traditional Chinese way of saying his name is to call him Chan Tak Ching.

2

Whereas this Court having determined by its verdict, as more particularly described below, that the defendant Nga Chan is responsible for damages totaling $882,650 and that defendant Tak Ching Chan is responsible for damages totaling $833,950, and

Whereas pursuant to C.P.L.R. §§ 5001, 5002, 5004, this Court may set the interest rate and the date from which interest is computed and this Court having held that the defendants must pay interest at nine percent (9%) on the amount due from November 10, 2014, it is now

ORDERED, ADJUDGED and DECREED that Nga Chan and Tak Ching Chan must pay to each of the following plaintiffs the amount specified by this paragraph:

to the first-named plaintiff, Joyce Lan Zhen Zhao, the defendants are jointly and severally liable and must pay $48,700, the amount due for rescission;

to the second-named plaintiff, Sai Juan Zeng, the defendants are jointly and severally liable and must pay $101,800, the amount due for rescission;

to the third-named plaintiff, Xiu Hua Zhuo, the defendants are jointly and severally liable and must pay $62,400, the amount due for rescission;

to the fourth-named plaintiff, Sui Yung Lam, the defendants are jointly and severally liable and must pay $61,500, the amount due by combining the damages awarded for conversion ($41,550) with the damages awarded for rescission ($19,950);

to the seventh-named plaintiff, Chen Fa Jian, the defendants are jointly and severally liable and must pay $32,050, the amount due for rescission;

to the eighth-named plaintiff, Yuk Hoi Ma, the defendants are jointly and severally liable and must pay $41,000, the amount due for rescission;

3

to the ninth-named plaintiff, Yu Cheng, the defendants are jointly and severally liable and must pay $201,250, the amount due by combining the damages awarded for conversion ($36,350) with the damages awarded for rescission ($164,900) the amount due for rescission;

to the tenth-named plaintiff, Lian Guang Chen, the defendants are jointly and severally liable and must pay $20,500, the amount due for rescission;

to the twelfth-named plaintiff, Mei Ying Chen, the defendants are jointly and severally liable and must pay $112,800, the amount due for rescission;

to the thirteenth-named plaintiff, Lian Qiang Chen, the defendants are jointly and severally liable and must pay $36,050, the amount due for rescission;

to the fourteenth-named plaintiff, Guo Lian Zeng, the defendants are jointly and severally liable and must pay $86,600, the amount due by combining the damages awarded for conversion ($37,900) with the damages awarded for rescission ($48,700);

to the fifteenth-named plaintiff, Xue Qing Li, the defendants are jointly and severally liable and must pay $29,300, the amount due for rescission; and it is further

ORDERED that Nga Chan and Tak Ching Chan must pay nine percent (9%) interest on each of the debts described in the preceding paragraph from November 10, 2014 until each obligation is satisfied; and it is further

ORDERED, ADJUDGED and DECREED that Nga Chan must pay to the eleventh-named plaintiff, Fung Ying Cheung, $48,700, the amount due for rescission; and it is further

ORDERED that Nga Chan must pay nine percent (9%) interest on the $48,700 debt to Fung Ying Cheung from November 10, 2014 until the obligation is satisfied; and it is further

4

ORDERED that the clerk is directed to add to this judgment the appropriate allowable costs

and disbursements; and it is further

ORDERED that the clerk is directed to enter judgment; and it is further

ORDERED that plaintiff must file and serve a copy of this order with notice of entry to the

defendants within thirty days of its entry.

Dated: Brooklyn, New York
December 1, 2014

Referee

5

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

---------------------------------------------------------------------------X

JOYCE LAN ZHEN ZHAO, SAI JUAN ZENG,                    :        Index No. 25849/10
XIU HUA ZHUO, SUI YUNG LAM, SUET SIN KO,
BO SHING CHAN, CHEN FA JIAN, YUK HOI MA,               :
YU CHENG, LIAN GUANG CHEN,
FUNG YING CHEUNG, MEI YING CHEN,                       :
LIANG QIANG CHEN, GUO LIAN ZENG, and
XUE QING LI,                                           :

            Plaintiffs,                           :        **AFFIRMATION OF SERVICE**
                                                                **OF JUDGMENT WITH**
            -against-                            :        **NOTICE OF ENTRY**

NGA CHAN, TAK CHING CHAN, HING CHAN and                :
YAU YING FUNG
                Defendants           :

---------------------------------------------------------------------------X

**Stewart J. Kong, Esq.,** an attorney in good standing, duly admitted to practice law in the

within named court, hereby affirms and certifies that on the 29th day of December, 2014, he

served the attached Judgment with Notice of Entry on Christopher Chen, Esq., attorney for all

defendants in this matter, by putting it in a stamped envelope in New York, New York and

mailing it through the United States Postal Service to:

                  Law Offices of Christopher Chen
                  136-56 39th Avenue, Suite 302B
                  Flushing, New York 11354

                  Stewart J. Kong # Attorney for Plaintiff
                  LAW OFFICES OF STEWART J. KONG
                  1375 Broadway, 3rd Floor
                  New York, New York 10018
                  Telephone: (212) 779-1111

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

-------------------------------------------------------------------------X

JOYCE LAN ZHEN ZHAO, SAI JUAN ZENG,            :            Index No. 25849/10
XIU HUA ZHUO, SUI YUNG LAM, SUET SIN KO,
BO SHING CHAN, CHEN FA JIAN, YUK HOI MA,       :
YU CHENG, LIAN GUANG CHEN,
FUNG YING CHEUNG, MEI YING CHEN,               :
LIANG QIANG CHEN, GUO LIAN ZENG, and
XUE QING LI,                                   :

            Plaintiffs,                         :            **NOTICE OF ENTRY**

            -against-                           :

NGA CHAN, TAK CHING CHAN, HING CHAN and         :
YAU YING FUNG

            Defendants                          :

_____

NOTICE OF ENTRY OF JUDGMENT WITH AFFIRMATION OF SERVICE

Stewart J. Kong – Attorney for Plaintiff
LAW OFFICES OF STEWART J. KONG
1375 Broadway, 3rd Floor
New York, New York 10018
Telephone: (212) 779-1111

Pursuant to 22 NYCRR130.1.1-a, the undersigned, an attorney admitted to practice law in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.

New York, New York
December 29, 2014

_____
Stewart J. Kong